209 F.3d 936 (6th Cir. 2000)
 NATIONAL LABOR RELATIONS BOARD, petitioner,
v.
TEAMSTERS LOCAL NO. 372, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO; Detroit Mailers Union No. 2040, International
 Brotherhood of Teamsters, ADL-CIO; GCIU Local 289, Graphic Communications International Union, AFL-CIO; Newspaper Guild of Detroit, Local 22, The Newspaper GUILD, AFL-CIO; Detroit Typographical Union No. 18, Communications Workers of America, AFL-CIO; and Metropolitan Council of Newspaper Unions, Respondents.
 No. 96-6033.
 United States Court of Appeals, Sixth Circuit.
 April 4, 2000.
 
 Before: MARTIN, Chief Judge; KRUPANSKY and DAUGHTREY, Circuit Judges.
 
 SECOND SUPPLEMENTAL CONSENT ORDER
 
 1
 On August 16, 1996, this court issued a judgment granting the application of the National Labor Relations Board (the "Board") for the enforcement of a certain order on consent issued by it against Teamsters Local No. 372, International Brotherhood of Teamsters, AFL-CIO (a/k/a Teamsters Local 372), Detroit Mailers Union No. 2040, International Brotherhood of Teamsters Local, AFL-CIO (a/k/a Detroit Mailers Union No. 40, IBT Local Union No. 2040), GCIU Local 289, Graphic Communications International Union, AFL-CIO (a/k/a Graphic Communication International Union, Local 289M), GCIU Local Union No. 13N, Graphic Communication International Union, 13N), Newspaper Guild of Detroit, Local 22) Detroit, Local 22, The Newspaper Guild, AFL-CIO (a/k/a Newspaper Guild of Detroit, Local 22), Detroit Typographical Union No. 18, Communications Workers of America, AFL-CIO (a/k/a Detroit Typographical Union No. 18 CWA/ITU), and Metropolitan Council of Newspaper Unions (collectively "respondent"). On March 10, 1997, this court issued a consent order containing several affirmative provisions, and imposing, but not assessing, prospective noncompliance fines for future violations of this court's August 16, 1996 judgment and March 10, 1997 consent order. On June 4, 1998, this court issued a supplement consent order containing additional affirmative provisions, assessed a non-compliance fine of $5000, and reimposed prospective noncompliance fines for future violations of this court's August 16, 1996 judgment, March 10, 1997 consent order, and June 4, 1998 supplemental consent order.
 
 
 2
 On October 22, 1999 and January 27, 2000, Detroit Newspapers, Detroit Free Press and The Detroit News filed charges (7-CB-12236 and 7-CB-12325) with Board alleging that respondents had engaged in conduct violative of this court's August 16, 1999 judgment, March 10,1997 consent order, and June 4, 1998 supplemental consent order, and respondents denied having violated the judgment and consent orders. The Board and respondents, desiring to settle this matter, and respondents not admitting that they have violated the judgment or the consent orders, have move this court to issue a second supplemental consent order and approve the parties' Settlement Stipulation as full disposition of the allegations that respondents are in contempt of this court's August 16, 1996 judgment, March 10,1997 consent order, and June 4, 1998 supplemental consent order, and good cause therefore being shown;
 
 I.
 
 3
 IT IS HEREBY ORDERED that the said Settlement Stipulation is incorporated here and is approved and shall be filed.
 
 II.
 
 4
 IT IS FURTHER ORDERED that respondents, individually an collectively, their officers, agents, and representatives, shall fully comply with and obey this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, and this second supplemental consent order, and not in any way, by action or inaction, engage in, induce or encourage any violation of this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, or this second supplemental consent order.
 
 III.
 
 5
 IT IS FURTHER ORDERED that the respondent shall:
 
 
 6
 (1) Within ten (10) days after service thereof by the Board, duplicate and post copies of the Notice of Members ("Notice"), prepared by the Board and signed by an officer of each respondent, alongside copies of this second supplemental consent order, in conspicuous places in each of the respondents' business offices and other places within each respondent's territorial jurisdiction where notices to officers and members are customarily posted, for a period of not less than sixty (60) consecutive days; and maintain said Notices and this second supplemental consent order in clearly legible condition throughout the posting period and ensure that they are not altered, defaced, or covered by other material; and provide to the Board's Seventh Regional Office within ten (10) days of posting a listing of the locations where the Notice and second supplemental consent orders are posted;
 
 
 7
 (2) Within thirty (30) days after the entry of this second supplemental consent order, provide a copy of this court's August 16, 1996 judgment, the signed Notice, this court's March 10, 1997 consent order, this court's June 4, 1998 supplemental consent order, and this second supplemental consent order to every officer, agent, or representative of every respondent employed from March10, 1997 to the date of entry of this second supplemental consent order, and have each such person sign and date an acknowledgement that they have read and understand that they must comply with this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, and this second supplemental consent order ("Acknowledgement Receipt"); and within ten (10) days of said delivery, provide the Board's Seventh Regional Office with a list of the names, positions, and addresses of all persons to whom delivery was made;
 
 
 8
 (3) Within thirty (30) days after entry of this second supplemental consent order, mail to the Board's Seventh Regional Office a copy of the signed Notice for position at the offices of the employers affected by these proceedings, for posting at their facilities, if such employers be willing;
 
 
 9
 (4) Have the Notice read by an officer of each respondent at a regularly scheduled meeting of its membership following entry of this second supplemental consent order, but not more than sixty (60) days after receipt of the Notice. The Board's Seventh Regional Office shall be given at least one (1) week's advance notice of each such meeting and the time designated for such reading; and Board agents shall be permitted to attend the reading in the discretion of the Regional Director for the Board's Seventh Region;
 
 
 10
 (5) Within thirty (30) days after the entry of this second supplemental consent order, attach a copy of this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, this second supplemental consent order, and the Notice to a strike benefit check of each member of any respondent who is receiving strike benefits and have each such member sign and date a receipt ("Acknowledgement Receipt") acknowledging that they have read and understand that they must comply with this court's august 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, and this second supplemental consent order; and
 
 
 11
 (6) File sworn statements with the clerk of this court, with copies thereof to the Board's Contempt Litigation & Compliance Branch and the Board's Seventh Regional Office, within thirty-five (35) days after the entry of this second supplemental consent order, and again within (10) Days of the expiration of the posting period, showing, with specificity, what steps have been taken by the respondents to comply with this second supplemental consent order.
 
 IV.
 
 12
 IT IS FURTHER ORDERED that in all future activity covered by this court's August 16, 1996 judgment conducted at the places of business and facilities of Detroit Newspaper, Detroit Free Press and The Detroit News, respondents shall, in addition to those requirements set forth in this court's previous orders:
 
 
 13
 (1) Not permit more than three (3) pickets or other supporters of respondents at any time to blow whistles at or near the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News;
 
 
 14
 (2) Not permit any picket or other supporters of respondents to blow a whistle within arms length of any other person;
 
 
 15
 (3) Not permit any picket or other supporter of respondents to wear earplugs or other protective hearing devices at or near the places of business facilities of Detroit Newspapers, Detroit Free Press and The Detroit News;
 
 
 16
 (4) Not permit any picket or other supporter of respondents to use sirens or other alarms at or near the places of business and facilities of Detroit Newspapers, Detroit Free Press and The Detroit News.
 
 V.
 
 17
 IT IS FURTHER ORDERED that respondents, jointly and severally, shall pay to the Board the total sum of $13,500 within thirty (30) days of entry of this second supplemental consent order by the court.
 
 VI.
 
 18
 IT IS FURTHER ORDERED that in order assure against future violations of this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, and this second supplemental consent order, we impose, but do not presently assess, a prospective non-compliance fine not to exceed $10,000 in collective total against respondents, jointly and severally, for each and every violation of this court's August 16,1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, and this second supplemental consent order, and impose, but do not presently assess, a prospective fine not to exceed $500 for each violation by every officer, agent, representative or member of respondents who, in active concert and participation with respondents, individually or collectively, and with notice and knowledge of this court's August 16, 1996 judgment, March 10, 1997 consent order, June 4, 1998 supplemental consent order, or this second supplemental consent order, violates this court's August 16,1996 judgment, March 10, 1997 consent order, or this second supplemental consent order, such fines to be assessed in a civil proceeding upon submission of clear and convincing evidence of contempt. In the event of such future violations, the precise amount of fines to be assessed under this provisions will be determined upon consideration of respondents' awareness of the misconduct and the nature, severity, and extent of the violations found to have occurred. Furthermore, remedial actions taken by respondents, including but not limited to those specified in paragraphs (7)(a) and (b) of this court's March 10, 1997 consent order, shall be considered in determining the sanctions to be imposed under this second supplemental consent order.